# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-5, ASSET-BACKED CERTIFICATES, SERIES 2007-5,

    Plaintiff,

vs.

ENTRUST EDUCATION TRUST/DEUK CHOI TRUSTEE et al.,

    Defendants.

3:16-cv-00758-RCJ-VPC

**ORDER**

This case arises from a residential foreclosure by the Meadowview Terrace Townhouse Association ("the HOA") for failure to pay HOA assessments. Now pending before the Court are competing Motions for Summary Judgment. (ECF Nos. 30, 31.)

## I. FACTS AND PROCEDURAL BACKGROUND

In February 1998, Deanna Milton purchased the subject property located at 2605 Starks Way in Reno, Nevada ("the Property"). On January 24, 2007, a deed of trust signed by Ms. Milton was recorded against the Property, securing a loan in the amount of $140,000, and identifying Option One Mortgage Corporation ("Option One") as beneficiary ("the DOT"). (Deed of Trust, ECF No. 32-2.) On June 18, 2014, as a result of the homeowner's failure to pay HOA fees, the HOA caused a lien for delinquent assessments to be recorded against the

Property. Subsequently, a notice of default and election to sell ("NOD") was recorded on July 25, 2014, followed by a notice of foreclosure sale ("NOS") on November 8, 2014. The NOS indicated the Property would be sold at public auction on December 17, 2014. (Notice of Sale, ECF No. 32-6.) Accordingly, a sale was conducted on that date, and Defendant Entrust Education Trust/Deuk Choi Trustee ("Entrust")[1] purchased the Property for $51,100. (Foreclosure Deed, ECF No. 32-7.) Approximately two years later, in November 2016, Sand Canyon Corporation—successor entity to Option One—assigned the DOT to Plaintiff Wells Fargo. (Assignment, ECF No. 32-3.)

On December 28, 2016, Wells Fargo filed this action, asserting claims against Entrust and the HOA for (1) quiet title and declaratory relief, (2) preliminary and permanent injunction, (3) unjust enrichment, (4) statutorily defective foreclosure, (5) negligence, and (6) negligence per se. The Complaint is aimed at establishing the continued validity of Wells Fargo's DOT following the HOA's foreclosure sale. On May 26, 2017, Entrust answered the Complaint and asserted a counterclaim for quiet title and declaratory judgment. Entrust also asserted cross-claims against the HOA for (1) unjust enrichment, (2) equitable mortgage, and (3) indemnity. On May 30, 2017, the HOA filed a third-party complaint against The Clarkson Law Group, P.C., its non-judicial foreclosure agent, but then voluntarily dismissed the complaint approximately four months later. (Notice of Voluntary Dismissal, ECF No. 27.)

Now, Entrust moves for summary judgment on its quiet title counterclaim against Wells Fargo. (Def.'s Mot. Summ. J., ECF No. 30.) Wells Fargo also moves for summary judgment against Entrust. (Pl.'s Mot. Summ. J., ECF No. 31.) Wells Fargo argues that the Ninth Circuit's ruling in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert.*

---

[1] In its summary judgment motion, Entrust noted that it has been incorrectly named in this action, and that its proper name is Entrust Education Trust, Kwangsun Choe, Trustee.

*denied*, 137 S. Ct. 2296, 198 L. Ed. 2d 726 (2017), entitles it to a declaration that the HOA's foreclosure sale did not extinguish the DOT. If the Court grants this relief, then Wells Fargo asserts "the sole remaining claim in this case by Wells Fargo would [be] the claim for unjust enrichment," and that it will "voluntarily dismiss that claim without prejudice." (Pl.'s Mot. Summ. J. 7–8.)

## II. LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

/ / /

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

### a. Quiet Title and Declaratory Relief

This Court has ruled that because *Bourne Valley* struck down NRS Chapter 116's "opt-in" notice scheme as facially unconstitutional, actual or reasonable notice is inapposite. *See, e.g.*, *Bank of N.Y. Mellon v. Ravenstar Invs., LLC*, No. 3:17–cv–116, 2017 WL 2588088, at *3–4 (D. Nev. June 14, 2017) (Jones, J.). The Court will therefore quiet title in favor of Wells Fargo under *Bourne Valley*.

Contrary to the arguments of Entrust, no decision of the Nevada Supreme Court relieves this Court of its obligation to follow *Bourne Valley*. It is true that the Nevada Supreme Court has held that the non-judicial foreclosure scheme of NRS Chapter 116 does not implicate state action under the Due Process Clauses of the United States and Nevada Constitutions. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017). However, the Nevada Supreme Court's opinion is not binding on this Court with respect to the statute's constitutionality under the U.S. Constitution; on that question, the Court must adhere to Ninth Circuit precedent. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating that the decision of a state supreme court construing the U.S. Constitution is not binding on federal courts).

Entrust also argues that the foreclosure sale in this case is saved by Nevada's "return doctrine." That is, although the 1993 opt-in version of Chapter 116's notice scheme was ruled unconstitutional in *Bourne Valley*, the previous version required the HOA to give notice without an opt-in requirement. *See* Nev. Rev. Stat. § 116.31168 (1991) ("The association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it."). Defendants assert that under the return doctrine, an unconstitutional statute reverts to its latest constitutional version, *see We the People Nev. ex rel. Angle v. Miller*, 192 P.3d 1166, 1176

(Nev. 2008), so the Court should assess the constitutionality of the HOA's sale in this case under the 1991 version of NRS 116.31168. The Court rejects these arguments for reasons given by another judge of this District. *See PNC Bank, N.A. v. Wingfield Springs Cmty. Ass'n*, No. 3:15-cv-349, 2017 WL 4172616, at *3 (D. Nev. Sept. 20, 2017) (Du, J.).

Upon even closer examination, the Court is convinced that the 1991 version of NRS 116.31168 is also insufficient under the Due Process Clause. First, the previous statute only required notice of the "intent to foreclose," Nev. Rev. Stat. § 116.31168 (1991), e.g., via a notice of default and election to sell. The Due Process Clause, however, requires "[n]otice by mail or other means as certain to ensure actual notice" of the "proceeding which will adversely affect the liberty or property interests of any party," e.g., via a notice of sale. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983) ("[A] mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending."). Second, the Due Process Clause requires notice not only to those lienholders "who are known," Nev. Rev. Stat. § 116.31168 (1991), but to all lienholders whose "name[s] and address[es] are reasonably ascertainable." *Mennonite Bd. of Missions*, 462 U.S. at 800. Because the 1991 version of NRS 116.31168 permitted foreclosure without reasonable notice of the time and place of sale to all lienholders whose identities and addresses were reasonably ascertainable, but only notice of the bare intent to foreclose to those lienholders who were already known, the return doctrine cannot validate the foreclosure here even assuming the doctrine applies precisely as Entrust argues it does.

**b. Commercial Unreasonableness**

As the Court has noted in a number of other cases where a property was sold at auction for far less than its fair market value, issues related to commercial unreasonableness are best left to a jury. *See, e.g.*, *U.S. Bank v. Countryside Homeowners Ass'n*, No. 2:15–cv–1463, 2016 WL

3638112, at *6 (D. Nev. July 7, 2016) (Jones, J.). Therefore, because this case can be summarily adjudicated on other grounds, the Court declines to rule on these issues at this time.

### c. Remaining Claims and Cross-Claims

As indicated in Wells Fargo's motion, the relief granted herein resolves all claims in its favor save the claim for unjust enrichment, which it intends to voluntarily dismiss. Accordingly, the Court requests that Wells Fargo file a notice of voluntary dismissal of any remaining claims forthwith. This case will then remain open only to dispose of the cross-claims asserted by Entrust against the HOA.

## CONCLUSION

IT IS HEREBY ORDERED that Entrust's Motion for Summary Judgment (ECF No. 30) is DENIED.

IT IS FURTHER ORDERED that Wells Fargo's Motion for Summary Judgment (ECF No. 31) is GRANTED. Wells Fargo shall file a notice of voluntary dismissal of any remaining claims within thirty days of this Order.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

July 23, 2018